## In re HOYNE MANOR CORPORATION.
### No. 6195.

Circuit Court of Appeals, Seventh Circuit.
March 26, 1937.

Certiorari granted, Ex parte Heymann, 58 S.Ct. 7, 82 L.Ed. ——; certiorari dismissed 58 S.Ct. 267, 82 L.Ed. ——.

Before EVANS and SPARKS, Circuit Judges.

PER CURIAM.

Four gentlemen constituting a bondholders' committee under a deposit agreement dated September 30, 1931, have filed a petition for leave to appeal from an order of the District Court of March 8, confirming a report of a special master with respect to claims and consents, and decreeing that the consents filed to a certain amended plan of reorganization theretofore approved and confirmed conditioned upon the filing of the required number of acceptances were valid. This court has already passed on the question of the so-called conditional acceptances, denying a petition for appeal filed by the same group in which the same question was raised, hence it is unnecessary for us to discuss that again.

This petition for appeal is rather extraordinary, in that it is presented by a group who have attempted to block proceedings since their inception although the plan involved was approved by a large majority of the bondholders they purport to protect. They did not present any plan themselves, but have consistently objected to the plan and its amendments as proposed by the debtor and approved by creditors. They contend that under the terms of the deposit agreement the bondholders had no right to represent themselves but were compelled to be represented by their committee. Their attitude is well stated in the concluding paragraph of their brief in support of their petition for leave to appeal: "The Heymann Committee feel now, as they always have felt that the plan as amended and submitted by the debtor, is unacceptable to them in its present form. The Committee further feels that its deposit agreement is binding on all holders of certificates of deposit, and that it should be permitted to file its claim for all bonds on deposit, have such claim allowed, and be further permitted to consent or dissent to any plan submitted by the debtor, which appears acceptable or unacceptable to the committee. In an effort to disregard the

committee's rights in the lower court many errors have been committed. * * *"

The master made a thorough study of the status of the petitioning committee, arriving at the conclusion that, in view of the fact that it had accomplished nothing during the five years of its existence, it should not be permitted to block reorganization as approved by its depositing bondholders, and that the interests of all parties would be best served by permitting those bondholders to act for themselves instead of permitting the committee to continue to refuse to act for them. ·This was particularly true in view of the fact that the bank at whose instigation the committee was originally organized, and which had undertaken to pay the compensation and expenses of the committee, including any fees and expenses of agents, appraisers, and attorneys employed by them, had later been closed, and a receiver appointed to liquidate it, who had repudiated the deposit agreement as related to it. The master found that the assumption by the bank of the burden of paying fees was an important feature of the deposit agreement, and that in its absence or on its repudiation the depositors stood in danger of being saddled with additional liabilities; that the receiver could not repudiate the obligations assumed by the committee even though he could and did repudiate the bank's obligation. The master therefore regarded this as a breach of a fundamental provision giving rise to a right of rescission and releasing other parties to the contract from their obligations. We see no error in this.

Under the circumstances here disclosed, we think that petitioners have no standing to contest the order acquiesced in by a large majority of the bondholders for whose benefit they were organized to act. The petition for appeal is therefore denied.